IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Terrance Griffin, | ) | C/A No. 0:12-212-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| South Carolina Department of Corrections; | ) | |
| Ann Hallman; Wayne McCabe; James | ) | |
| Blackwell; Grealin Frazier; Vera Jenkins; and | ) | |
| Amanda Albright, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Terrance Griffin ("Griffin"), a self-represented state prisoner, filed a Complaint in the Court of Common Pleas in Dorchester County asserting violations of his constitutional right to due process, as well as various other claims. The defendants removed the case to federal district court pursuant to 28 U.S.C. § 1441, asserting jurisdiction based upon 28 U.S.C. §§ 1441 and 1443. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Griffin's objections to the defendants' removal of this action, which the court has interpreted as a motion to remand. (ECF No. 16.) The defendants filed a response in opposition. (ECF No. 21.) Additionally, Griffin has filed a motion to amend his Complaint. (ECF No. 15.) Having reviewed the parties' submissions, the court finds that Griffin's motion for remand should be conditionally granted.

# DISCUSSION

A. **Motion to Remand**

A removing party has the burden to establish the existence of federal jurisdiction. Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). The removal statute, 28 U.S.C. § 1441, must be strictly construed and doubts must be resolved in favor of remand. See Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34, 336 (4th Cir. 2008). For federal jurisdiction to lie, a right or immunity created by the Constitution or the laws of the United States must be an essential element of the plaintiff's claim. Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936). It is well settled that the determination of federal question jurisdiction is governed by the "well-pleaded complaint rule," which requires for the exercise of federal jurisdiction based upon 28 U.S.C. § 1331 that a federal question be presented on the face of the plaintiff's well pleaded complaint. Harless v. CSX Hotels, Inc., 389 F.3d 444 (4th Cir. 2004) (citing Aetna Health Inc. v. Davila, 542 U.S. 200 (2004)); see also King v. Marriott Int'l, Inc., 337 F.3d 421 (4th Cir. 2003). Only actions that could have been originally filed in federal court may be removed from state court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law. Id.

B. **Griffin's Arguments**

Griffin appears to argue that the court lacks jurisdiction over this matter because his Complaint "involves issues of state questions" and does not raise "any federal statu[t]e violation, U.S. Federal Constitutional violation, or any federal question over which the U.S. District Court has original jurisdiction." (ECF No. 16 at 1-2.) Based on the record before the court, however, this is

PJG

far from clear. Griffin's Complaint as filed in state court alleged, among other claims, a "Due Process Clause violation" with no indication as to whether his due process claim was based on the federal or state constitution. (ECF No. 2-1 at 2, 6-8.) His subsequent filings only add to the ambiguity: while asserting in his motion to remand that his civil action is "against a state agency for the gross negligent actions of its employees . . . which also violated Plaintiff's right to due process protected *under Art. 1 § 3 of the S.C. Constitution*," Griffin nonetheless includes in his proposed amended complaint a claim grounded in a violation of his "Fourteenth Amendment" rights, thus invoking the United States Constitution. (Compare ECF No. 16 at 2 (emphasis added) with ECF No. 15 at 3-4.)

Moreover, even if Griffin were to attempt, post-removal, to excise any federal claim from his Complaint, many courts and scholars have concluded that a plaintiff cannot force a remand to state court by waiving his federal claims. See, e.g., Williams-Ward v. Lorenzo Pitts, Inc., 908 F. Supp. 48 (D. Mass. 1995); 14B Wright et al., supra § 3721 at 63-66 ("[A] plaintiff cannot destroy federal question jurisdiction by dismissing federal question claims.").

Of course, should Griffin's federal claims be dismissed for any reason, the court may exercise its *discretion* to decline to exercise supplemental jurisdiction over Griffin's state law claims and remand the case to state court under 28 U.S.C. § 1367(c). See § 1367(c); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988) (discussing court's discretion and balancing factors in decision whether to exercise pendent jurisdiction after removal). In fact, Griffin appears to express an intent to proceed only with his state law claims, despite his apparent continued inclusion of claims arising under federal law in his proposed pleadings. Accordingly, the court recommends that, should Griffin unequivocally remove any federal claims from his pleadings via an appropriate filing within the

PJG

period for filing objections to this Report and Recommendation, the court exercise its discretion to remand the state law claims pursuant to 28 U.S.C. § 1367(c).[1]

**RECOMMENDATION**

Based on the foregoing, the court concludes that this case should not be remanded for lack of subject matter jurisdiction. The defendants appear to have properly removed this action based on the allegations contained in the Complaint. Nonetheless, the court recommends that Griffin's request for a remand should be granted pursuant to the court's discretion under 28 U.S.C. § 1367(c) if Griffin files an appropriate motion resulting in the dismissal of any federal claim.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 11, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] If this recommendation is adopted, Griffin's pending motion to amend his Complaint (ECF No. 15) should be terminated as moot.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).